IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARTIN HEMPSTEAD,                      )<br>                                        )<br>     Plaintiff,                        )<br>                                        )<br>     v.                                )<br>                                        )<br>AIR SOUTH HEATING &                     )<br>COOLING, INC., an Alabama               )<br>corporation, d/b/a Chad's               )<br>A/C Direct, and                         )<br>CHAD WISWALL,                           )<br>                                        )<br>     Defendants.                       )  | CIVIL ACTION NO.<br>2:16cv719-MHT<br>(WO) |

OPINION

This cause is before the court on the joint motion to approve a settlement between plaintiff Martin Hempstead and defendants Air South Heating & Cooling, Inc. and Chad Wiswall.  The court held two on-the-record conference calls on the motion on January 18, 2017.  For the reasons that follow, the settlement will be approved.

Hempstead alleged that defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219.

Hempstead's FLSA claim sought damages for unpaid overtime compensation.

Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982); see also Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b), the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as "a stipulated judgment." Lynn's Food Stores, 679 F.2d at 1354-1355 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for

fairness," id. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In this case, there is a bona fide dispute over FLSA provisions, namely whether Hempstead, while employed "for a workweek longer than forty hours," received "compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §§ 207(a)(1).

After speaking with Hempstead and reviewing the settlement agreement, the court finds that the settlement is a fair and reasonable resolution of this bona fide dispute and that Hempstead knowingly and

voluntarily entered into the settlement. Hempstead will receive $ 2,530.00 from the defendants, which represents his full overtime pay and liquidated damages, and which he believes reflects complete and total satisfaction of what he could expect to receive if he were to prevail on his FLSA claim at trial. In addition, Hempstead's counsel, the Arendall Law Firm, Inc., will receive $ 2,910.00 in attorneys' fees and $ 410.00 for reimbursement of the filing fee and service of the complaint, for a total of $ 3,320.00. Upon consideration of the representations of the parties, the terms of the settlement agreement, and the court's knowledge of the facts and circumstances of this case, the court will approve the settlement.

An appropriate judgment will be entered.

DONE, this the 19th day of January, 2017.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**